Good morning. Judge Graber, Judge D'Alba, and I welcome you to Phoenix. We're happy to be sitting in this beautiful ceremonial courtroom this week. We have two cases that will be submitted this morning without oral argument. Those are Benevento v. United States. That case is now submitted. And Zanini v. Garrett is also submitted. We will hear three cases for oral argument, and we'll take them up in the order that they appear on the schedule. We'll first hear argument in Velazquez v. United States. Each side will have ten minutes. Ms. Lamoureux, is that how you pronounce your name? Okay. You may begin when you're ready, and you can reserve time for rebuttal, but I'll ask that you keep track of your own  Thank you, Your Honor. Good morning, Your Honors. Carol Lamoureux and Josh Hamilton for Mr. Velazquez. I'm going to attempt to save four minutes, but I'll watch my time. Your Honors, I ask this Court to reverse the District Court's denial of 2255 relief in this case. The denial was based on a flawed and incomplete prejudice analysis that failed to comport with Strickland and failed to consider the effect that trial counsel's errors had on the case overall. Rather than considering, you know, how the evidence would have looked in the absence of errors or how it would have looked with effective counsel, the District Court was overly focused on the so-called mountain of evidence against Mr. Velazquez and used that to conclude that he could not establish Strickland prejudice in this case. Well, isn't that what the District Court would need to focus its attention on once it assumed that there was ineffective assistance of counsel? The District Court assumed without deciding that there was ineffective assistance of counsel and so then would turn to the second prong of Strickland, right? Yes, Your Honor. We have no issue with that. The, you know, the Court was well within its means to assume error and thus focus on prejudice. Our complaint, though, is that the focus on prejudice was overly reliant on the strength of the evidence that was presented at Mr. Velazquez's trial. So what evidence relating specifically to prejudice are you saying would have come in had there been an evidentiary hearing? Had there been an evidentiary hearing, Mr. Velazquez would testify and present the evidence that he would have presented at trial had he put on a duress defense and had he so most of it has to do with the details, especially at the day of the kidnapping. He had there's evidence that he had phone calls with someone across the border and he said during his post-arrest interview that he had threatened to kill him during that phone call. There's a lot more contemporary evidence that showed that he he was facing real and imminent threats at the time of the kidnapping that did not come out in trial. He also would have just knew where his family were and threatened to kill his family members and kill him if he would have gone to the police. So even though there was some evidence pertaining to duress that came in through Carpenter's duress defense, his trial counsel failed to establish duress that specifically pertained to Mr. Velazquez. And as the Court noted in its ruling, Mr. Velazquez, even as presented, even without this critical information, had a much stronger case for duress than Ms. Carpenter did. Unlike Ms. Carpenter, her fear was based on second-hand knowledge, people telling her what happened. Mr. Velazquez had guns to his head. He had, besides Mr. Gonzalez, he would have been the secondary person on the hook for this supposed missing marijuana. So really they're in much different scenarios in terms of the duress that they faced and, you know, the reasonableness of any fear associated with that. And then ultimately the District Court would still look at the other evidence in the record relating to whether or not that, compared to the evidence that is mounting on the other side, he, it would have made any difference in his ultimate. That is part of the analysis, Your Honor, and I think it's appropriate to look at the evidence presented at trial, but it also, the District Court didn't look enough at, you know, the evidence that could have been presented with a well-prepared defense and meaningful representation, and that's the type of information that is particularly appropriate for an evidentiary hearing and something that the District Court should have allowed to be more fully developed in this case. As to, you know, Mr. Bates' performance here, the cardinal sin in this case was just his failure to adequately prepare for trial. He failed to do the bare minimum that is expected of trial counsel in representing a defendant, including, you know, reading the government's disclosure, reading a co-defendant's offer of proof, which would have provided significant insight into her planned duress defense and would have informed him that his planned minimal participant defense would not make sense, at least in a joint trial. And so really all his other errors in this case, which there were many throughout the trial, were the effect of that poor preparation and poor performance. And had Mr. Velasquez had effective counsel, somebody who prepared a defense before trial and had prepared Mr. Velasquez to testify, the results of these proceedings really could have been different. And the District Court in assessing these issues really didn't consider this cumulative impact of these errors that occurred during trial. And so that's something that I ask this Court to consider and I ask this Court to grant relief in this case. I will reserve my remaining time. Thank you. Thank you. Mr. Amante? Good morning, Your Honors, and may it please the Court, my name is Corey Amante and I'm representing the United States from the District of Arizona, the Tucson U.S. Attorney's Office. This Court should affirm the District Court's denial of the defendant's motion, alleging ineffectiveness of his trial counsel. The District Court found no prejudice as Strickland instructs because none of the allegations of deficient performance would have altered the overwhelming mountain of evidence against the defendant. Counsel, why shouldn't there have been an evidentiary hearing? There was some evidence of duress and it was clear that the lawyer did a pretty terrible job for his client. And there apparently is additional evidence, at least it appears that there is additional evidence. So why didn't the District Court just short circuit the process? In other words, if the decision was premature, we wouldn't reach it. We would just send it back for an evidentiary hearing. Why isn't that the right answer here? Your Honor, below the government did argue that trial counsel's performance wasn't deficient. But in terms of the evidentiary hearing issue, the papers and records conclusively indicate that there was no prejudice. The District Court presided over I mean, it's circular to say, well, you had a bad lawyer who didn't present the right evidence and on the record we have, you lose. It just, you know, if the lawyer did a bad job and there's more evidence that could have been presented to the jury that might have made a difference, why shouldn't there be an evidentiary hearing? It doesn't guarantee that the defendant wins, but at least there would be a complete record for the court to consider. Right. I would disagree that there, well, there was evidence of duress presented at trial and in terms of additional investigation or presentation of evidence, it wouldn't have made a difference here. In terms of the evidence of duress that was presented, the opening brief cited, the text messages But counsel, I'm asking you about what wasn't presented. That's the problem. What was presented, let's assume for the sake of my question that the court did not make a mistake in analyzing prejudice on the existing record, but that an evidentiary hearing would amplify the evidence of duress and require a different analysis. That's what I'm asking you. Why shouldn't that happen here? Well, in terms of what was presented in the motion, we had Carpenter Counsel's declaration. We had the defendant's own declarations in the motion, and then obviously the district court was presiding over the trial, was familiar with the evidence in the record, heard the evidence, presided over sentencing, and based on that record found conclusively that an evidentiary hearing wouldn't have made a difference in this case. But in terms of the evidence that was presented, the defendant cites possible additional testimony from Brenda Mendez. She wasn't present during the conspiracy, so that evidence would have minimal import. And also, to introduce evidence from the defendant's post arrest statement or his statements, he would have had to testify, and there's no indication in the record that he wished to testify at trial. In terms of the alignment of the defenses, it wasn't prejudicial for the defense to join Carpenter's duress defense and present an aligned defense with her, which offered a better possibility of an acquittal than a minimal participant defense, especially with the overwhelming evidence of guilt, especially once the government witnesses testified about the kidnapping and the defendant's role and participation in that. It also wasn't prejudicial for the defense counsel not to request a severance before trial. The defendant wasn't entitled to one. There wasn't a violation of the defendant's rights, and it wasn't likely that the jury would be impacted from making a reliable determination about his guilt. Therefore, a joint trial was proper and non-prejudicial for those reasons, among the fact that this was a kidnapping conspiracy with evidence against both defendants. There was a mountain of evidence against both defendants, so there was no disparity in evidence that would require severance. Also, the jury was instructed to consider the evidence against each defendant separately, thereby reducing the risk of prejudice. And even assuming a hypothetical scenario in which a severance was granted, it wouldn't have made a difference either. Once the government witnesses had testified about the defendant's role in the kidnapping, it wouldn't have meaningfully changed the defense's strategy in pursuing what viable defenses were available at that point. Can you tell me where in the record I can find the briefing between Mr. Velazquez and the government on the issue specifically of holding an evidentiary hearing to — with respect to the prejudice issue? Because what I'm troubled by here is that typically you would have a request for an evidentiary hearing or an expectation for an evidentiary hearing with respect to the underlying claim of a constitutional violation, which here is that there was ineffective assistance of counsel. But the district court assumed that there was ineffective assistance of counsel. And I don't see, other than counsel represented in court today, where there is any request to the district court or a proffer of what evidence would have been presented at an evidentiary hearing with respect to the second prong of Strickland, which is prejudice. And, Your Honor, that's a good point. I'm not aware of any proffer that was made about any hypothetical evidence that would have been presented. I think, if I recall correctly, the motion alleged that perhaps Mr. Bates could be called to testify, as well as the defendant. On the issue of ineffective assistance of counsel, the failure to adequately raise a duress defense or to seek that the co-defendants be tried separately, correct? And the district court assumed, for purposes of its decision, that there was ineffective assistance of counsel. Correct. It did not reach, it assumed without deciding the first prong and didn't, Strickland uses the word, grade counsel's performance. So, for all intents and purposes, the defendant prevailed, really, on establishing at a baseline level that there may have been ineffective assistance of counsel, and the district court moved to the second prong of Strickland. I would disagree with that point, because the district court didn't make any express findings that defense counsel was ineffective. But it doesn't need to do that if it can determine through the face of the motion that the defendant wouldn't prevail, ultimately, on the second prong. And that's correct, Your Honor. It decided to move to the second issue without deciding the first issue, because it simply did not have to address deficiency of performance when the defendant failed to show prejudice. Your Honor, I would also say, in terms of the cumulative error argument, none of the hypothetical mistakes alleged by defense counsel here, either individually or cumulatively, deprive the defendant of a fair trial or undermine the confidence in his conviction. The defendant has also failed to establish ineffectiveness through defense counsel's individually below guideline sentence that was actually five years below the U.S. probation officer's recommendation and more than two years below the government's recommendation. No additional preparation or arguments would have likely changed the outcome at sentencing, so the defendant has failed to show deficient performance and prejudice on the sentencing part of the analysis. If the Court has no further questions, I would simply close that, because the District Court properly found that the defendant was not prejudiced by trial counsel's representation. It correctly followed Strickland and denied the motion this Court should affirm. Thank you. Thank you. Ms. Lamoureux, I think you have almost five minutes. Okay, perfect. I briefly wanted to address the government's argument with respect to the disparity of evidence in this case. We wholly disagree that the evidence was the same both for Carpenter and Velazquez in this case. There was far more evidence against Mrs. Carpenter. She personally crossed the border with the victim in her car. Several disinterested witnesses saw him come out of the trunk. She was apprehended by disinterested law enforcement officers coming back in. So there were several people establishing her participation in the kidnapping that were disinterested and had few, if any, credibility issues. In contrast, Mr. Velazquez, all the testimony pertaining to his involvement came from witnesses with more substantial credibility issues. They were all drug users. Ms. Carpenter, who has provided some of the most damning evidence against him, was also self-interested and had a motivation to put more on him. So I just wanted to clarify that. Also as to the effect of the cumulative error, the government mentioned that Mr. Velazquez received a fair sentence in this case. And we don't dispute that. And we really just, as we point out in the briefing, the sentencing errors were presented to show just how pervasive his lack of preparation and failure to represent his client were throughout all proceedings. Counsel, before you run out of time, would you address the issue that Judge Desai raised which has to do with what argument or statement was made to the district court about the fact the need for evidence to be developed on the prejudice prong with respect to the duress defense? Yes, Your Honor. If I'm remembering correctly, our argument to the district court with respect to our claims was that an evidentiary hearing was needed to establish all these issues. In this case, because several of trial counsel's errors were also the results, there's a little bit of overlap in this case with prejudice and ineffective assistance. So if you look at it, his failure to investigate impacted his performance in the trial. So in some ways those are the effect. We said that all of these issues need to be figured out at an evidentiary hearing. That's all part of the prejudice analysis. Also, you know, there's case law that says the prejudice assessment is appropriate as well at an evidentiary hearing. It's not merely to establish ineffective assistance of counsel. We cited those cases in our briefing and there have been several cases where this court has sent back for just the prejudice analysis. That's not something that necessarily can only be decided from the record. So it is appropriate here. I think it's preserved and it's appropriate to send back on the prejudice issue. And I just briefly wanted to make a couple more points on the cumulative effect here. And also to support why an evidentiary hearing is appropriate is that the evidence, the strength of the evidence in this case was impacted by Mr. Bates' errors in this case. He, had he handled things more effectively, there would have been less prejudicial evidence introduced by way of the prejudicial spillover, things that were admissible only to Carpenter but not as to Velazquez. He did nothing to handle that information. And then he also failed to present a lot of evidence that would have made his case much stronger. And so, you know, really all of these errors contributed to these issues. If we were to send this back, as you suggest, for an evidentiary hearing, it wouldn't just be on the prejudice prong because what the district court did was assume without deciding the ineffective assistance of counsel and then move to prejudice. And your argument, I think, today is that then Mr. Velazquez was entitled to an evidentiary hearing on the prejudice prong. But if it goes back, you would have an evidentiary hearing on all of the issues, including the foundational question of ineffective assistance of counsel, and it wouldn't be assumed that there was ineffective. I agree with that, Your Honor. I think it would go back because the court only assumed it did not expressly find ineffective assistance at an evidentiary hearing. All of these issues would be decided. I agree with that. So I ask this court to grant relief and to grant an evidentiary hearing. Thank you. Thank you, counsel. This case is now submitted.
judges: GRABER, DESAI, ALBA